This is a child custody case.
Roy Bloodgood and Gayle Whigham were divorced on December 21, 1976 in the state of New York. They had one child, Cherish Bloodgood, who was three at the time of the decree. As part of the divorce decree, the New York court awarded joint custody of Cherish to the mother and father. New York retained jurisdiction over the parties and forbade the parties from removing Cherish from the jurisdiction.
The mother was to have Cherish on weekdays and the father was to have her on weekends. On the day after the decree, the mother obtained custody of Cherish. The evidence shows that almost immediately she fled from New York with Cherish. The facts further indicate a five year search by the father for his daughter. The father found his daughter in Coffee County, Alabama.
After fleeing from New York, the evidence indicates that the mother took the child to Utah, Colorado, Wyoming, Nevada, Hawaii, Georgia, and Alabama. She admitted that all of these moves were meant to thwart the father's efforts to ever see his child again. The father stated that he spent approximately $80,000 in search of his daughter. He, in fact, spent over eleven months conducting his own search. He also paid several private investigators to conduct a search. The evidence shows that the effort to find Cherish went on nonstop for five years.
After moving to Atlanta, the mother met and eventually married Jim Whigham. They subsequently moved to Dothan and presently reside in Enterprise. The mother enrolled her child in school under the name Cherish Whigham, which indicates another effort to prevent the father from finding her.
Finally, after five years, the father located Cherish in Enterprise. The mother immediately filed a petition in the Circuit Court of Coffee County to obtain permanent custody of her daughter. At the hearing the father contested the jurisdiction of the Alabama court to modify the New York decree. The judge overruled this objection and heard the evidence.
At this hearing, the fitness of both parents was questioned. The mother claimed that the father beat her and was abusive to her. The father denied these allegations *Page 124 
and presented evidence which showed that the mother had beaten the child and had even broken the child's leg. The mother admitted to breaking the child's leg.
The mother also presented several members of her church to show that she was a good mother and of good character. The father, however, showed that the mother did not take Cherish to the doctor or dentist. He also testified that upon seeing his daughter she did not appear to him to be in the best physical condition.
After hearing this evidence, the judge awarded permanent custody of Cherish to the mother but gave the father several weeks a year of visitation rights. From this judgment the father has perfected this appeal.
In this appeal, the father raises one major issue. He contends that under the Uniform Child Custody Jurisdiction Act (UCCJA) recently adopted in Alabama, the trial judge erred in exercising jurisdiction in this case. Code 1975, § 30-3-20 to -44. We agree with this contention and hold that the trial court should have declined jurisdiction over this matter.
At the outset we note that one of the major purposes of the UCCJA is to prevent abductions or removal of children from a court's jurisdiction. Code 1975, § 30-3-21 (a)(5). In this case it is undisputed that the mother abducted or removed this child in order to thwart the New York decree. Therefore an exercise of jurisdiction by an Alabama court under these circumstances would be contrary to the spirit and purpose of the UCCJA unless it can be shown that Alabama did in fact have jurisdiction or could properly exercise jurisdiction.
The act itself sets forth the criteria for determining when jurisdiction of a court can be invoked. Normally the child's home state is the proper forum to determine custody. New York clearly had jurisdiction at the time of the initial custody decree and was the child's home state within the meaning of the act.
Section 30-3-34 provides:
 (a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
 (1) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction. . . .
The act encourages continuing jurisdiction by the court which initially determined custody so long as that court has not lost jurisdiction under § 30-3-23 or has declined jurisdiction.Pitts v. Sutter, 408 So.2d 105 (Ala.Civ.App. 1981). In the commissioner's comments about § 30-3-34 it is suggested that as long as one or more of the parties continues to reside in the state which rendered the initial custody decree that state has continuing preferred jurisdiction to modify the initial custody decree so long as jurisdiction remains in that state according to the standards of this act.
The facts of the present case bring it squarely within the purview of this part of the UCCJA. Clearly, New York has jurisdiction because the father continues to reside there. Moreover, New York has not lost jurisdiction because the child is absent from New York due to the mother's deliberate and illegal removal of it from the jurisdiction of that court and her stated purpose of preventing the father from exercising his joint custody rights. Furthermore, New York has not declined to act in this matter.
Under the circumstances of the present case, New York has continuing and exclusive jurisdiction to modify the custody of the child in question and the Alabama trial court was without jurisdiction to modify the New York custody decree. Its refusal to dismiss the modification petition filed by the mother is erroneous. To hold otherwise would be contrary to the stated purposes of the UCCJA, i.e. to "deter abductions and other unilateral removals of children" from the jurisdiction of a court of another state and to "avoid jurisdiction competition and conflict with courts of other states in matters of child custody."
Although not relied on in the trial court and thus not here considered as authority, *Page 125 
we note that under the recently enacted "Parental Kidnapping Prevention Act of 1980," Pub.L. No. 96-111, 94 Stat. 3566 (1980), the Alabama court would have been prohibited from modifying the New York decree so long as New York has jurisdiction and has not declined to exercise it. Jurisdiction would remain in New York so long as one of the contestants resides there.
The judgment of the trial court is reversed and the cause remanded for entry of an order dismissing the case for lack of jurisdiction.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.