The parties were divorced on March 23, 1988, in the state of Nevada. They were awarded joint custody of their two minor children, with the mother having the primary care, custody, and control, subject to the father's right of reasonable visitation. In 1989, the father filed a petition in Nevada seeking modification of the award of custody, alleging abuse of the children by the mother's male companion. The court awarded the father sole custody. The father and children subsequently resided in Orange County, California.
On June 21, 1991, the children came to Alabama to visit the mother for the summer; they were scheduled to return to their home in California on September 2, 1991. On September 3, 1991, the mother filed a petition in the Circuit Court of Russell County, Alabama, seeking to domesticate and to modify the Nevada judgment, alleging, among other things, that the father had sexually abused the children. The father moved to dismiss, on the grounds that Alabama lacked subject matter jurisdiction.
After a hearing, the court denied the father's motion to dismiss. The father then petitioned the Nevada court, seeking to have the mother held in contempt and to have the children returned to him. On January 6, 1992, the Nevada court granted his requested relief. He then tried to enforce the Nevada order in Alabama by filing a "petition to domesticate" in Lee County, where the mother *Page 8 
was then living. The court in Lee County transferred the matter to Russell County, where the mother's petition was pending. On November 24, 1992, the Russell County Circuit Court held a hearing on the father's motion to adopt the Nevada court's order that the children be returned to him, and on the mother's petition for domestication and modification of the Nevada order. It ordered:
 "1. That the Motion for Adoption of the Out of State Order be and [it] is hereby granted and the order as amended is adopted and made an order of this court.
 "2. That the [mother's] Petition to Modify herein is reluctantly denied."
The mother refused to comply with the court's order and she hid the children. The father filed a motion for "instanter relief," requesting that the children be located and returned to him. The mother filed post-judgment motions to alter, amend, or vacate the judgment, to stay enforcement of the judgment, and for a new trial. The court granted her motions and set a hearing for June 8, 1993. The trial court granted the mother's petition to modify the Nevada judgment, giving the mother sole custody of the children and allowing the father one day per month visitation at the office of the Lee County Department of Human Resources.
The father appeals, contending: 1) that the trial court erred in exercising jurisdiction in this case; and 2) that, assuming the trial court did have jurisdiction, it committed reversible error in allowing him only one day per month visitation.
The Parental Kidnapping Prevention Act (PKPA),28 U.S.C.A. § 1738A (West Supp. 1994), and the Uniform Child Custody and Jurisdiction Act (UCCJA), codified as § 30-3-20 et seq., Ala. Code 1975, govern interstate custody disputes. If there is a conflict between the two statutes, the PKPA governs, because it is a federal statute. Flannery v. Stephenson, 416 So.2d 1034
(Ala.Civ.App. 1982).
Alabama courts are required under PKPA to enforce, according to its terms, a sister state's custody order rendered in accordance with the PKPA; an Alabama court has no authority to modify such an order unless the sister state loses jurisdiction or declines to exercise it. Mitchell v. Mitchell, 437 So.2d 122
(Ala.Civ.App. 1982). However, under the PKPA, one of the contestants must remain a resident of the state that issued the original custody determination for that state to retain continuing jurisdiction over the dispute. 28 U.S.C. § 1738A(d).Bloodgood v. Whigham, 408 So.2d 122 (Ala.Civ.App. 1981). Here, neither party was a resident of Nevada; therefore, Nevada no longer had jurisdiction.
Title 28 U.S.C. § 1738A, which codifies the PKPA, provides in pertinent part:
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such State has jurisdiction under the law of such state; and
"(2) one of the following conditions is met:
 "(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
 "(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 "(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse; *Page 9 
 "(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
 "(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
 "(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues so long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.
". . . .
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 "(1) it has jurisdiction to make such a child custody determination; and
 "(2) the court of the other State no longer has jurisdiction, or it has declined to exercise jurisdiction to modify such determination.
 "(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."
Alabama was not the children's home state; the children had lived in California with their father since 1989. Although it is not clear from its order, we assume that the trial court used the emergency provision of the PKPA to exercise its jurisdiction based on the mother's allegations of sexual abuse, which the children refuted when questioned by a social worker.
Our Supreme Court has held that "any construction of 'emergency' authority under the PKPA" would give limited authority for "temporary modifications necessary to protect the child from substantial and imminent harm." Ex parte J.R.W., [Ms. 1921580, March 18, 1994] ___ So.2d ___, ___ (Ala. 1994) (emphasis added). The Alabama trial court should have continued "emergency" jurisdiction only until the proper forum had been determined.
We conclude, under the facts of this case, and in light of the PKPA and the UCCJA, as adopted by Alabama, that the Alabama trial court erred in making a "permanent" modification of the Nevada custody determination solely on the basis of the "emergency" provision of § 1738A(c)(2)(C). In view of our disposition of this case, we pretermit ruling on the visitation issue. However, we note that one day per month of visitation, to be had in Alabama, for a father who resides in California, in effect deprives the father of visitation and that such an order was not justified under the facts of this case.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.