THE STATE EX REL. MORENZ v. KERR, JUDGE, ET AL.

[Cite as *State ex rel. Morenz v. Kerr,* 104 Ohio St.3d 148, 2004-Ohio-6208.]

(No. 2004-1760—Submitted November 17, 2004—Decided November 22, 2004.)

_____

**Per Curiam.**

{¶ 1} In this case, we hold that an Ohio court patently and unambiguously lacks jurisdiction to proceed in a child-custody case commenced when a child-custody case is already pending in a court of another state and that court is exercising jurisdiction consistently with the Parental Kidnapping Prevention Act ("PKPA"), Section 1738A, Title 28, U.S.Code, and the state's version of the Uniform Child Custody Jurisdiction Act ("UCCJA").

{¶ 2} On May 21, 1993, relator, Denise Patricia Morenz, and Daniel William Payne were divorced in the Circuit Court of Brooke County, West Virginia. The

West Virginia court awarded custody of the parties' minor child, Casandra Elizabeth Payne, d.o.b. June 23, 1990, to Morenz and ordered Payne to pay child support. Payne has been a resident of Jefferson County, Ohio, since 1994, and in November 2000, Morenz and Casandra moved from West Virginia to Springfield, Illinois.

{¶ 3} In December 2003, respondent Jefferson County Child Support Enforcement Agency ("JCCSEA"), on behalf of Morenz and Casandra, filed a petition in the Jefferson County Court of Common Pleas, Juvenile Division, to register and enforce the May 21, 1993 West Virginia child-support order pursuant to R.C. 3115.01 to 3115.59, Ohio's version of the Uniform Interstate Family Support Act. On December 29, 2003, respondent Judge Samuel W. Kerr of the Jefferson County, Ohio juvenile court authorized the issuance of an order/notice to Payne's employer to withhold a portion of his income for child support.

{¶ 4} In June 2004, Casandra left Illinois for her summer visitation with Payne in Ohio. On July 28, 2004, Morenz filed a petition in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, to register and enforce the May 21, 1993 West Virginia child-custody order and a 1994 supplemental order pursuant to the Illinois version of the Uniform Child Custody Jurisdiction and Enforcement Act, 750 Ill.Comp.Stat. 36/101 et seq. In her petition, Morenz alleged that West Virginia was no longer the appropriate jurisdiction for determination of child-custody and visitation issues concerning Casandra and that registration of the West Virginia orders in Illinois would be appropriate to enforce the judgment in Illinois.

{¶ 5} On August 4, 2004, Morenz filed a petition in the Illinois court for expedited enforcement of the West Virginia child-custody determination. Morenz alleged that Payne had failed to return Casandra to her custody. On August 6, 2004, Payne filed a motion in the Jefferson County, Ohio juvenile court to modify allocation of parental rights and responsibilities. Payne sought custody of Casandra. Payne alleged that Casandra had expressed a desire to live with him because she is disturbed by Morenz's "lack of time and attention to her and the other two (2) children as well as by the step-father's habits, behavior and offensive words and deeds." Payne claimed that Morenz's husband "menaces the child," that he "frequently drinks Coke and Old Turkey Whiskey," and that "[t]his mixture is taken with him in motor vehicles and especially when he and [Morenz] are on the road." Payne was "concerned that if the minor child is made to return to [Morenz], the minor child will be verbally, emotionally and perhaps physically abused." Payne did not expressly allege that Morenz's husband operated motor vehicles while intoxicated when Casandra was a passenger. Nor did he specify any facts indicating harm to Casandra.

{¶ 6} On August 9, 2004, the Illinois court issued an order directing Payne to appear in court with Casandra and ordering that when they did, Morenz could take immediate physical custody of the child. On August 16, 2004, Morenz moved to dismiss the Ohio case for lack of subject-matter jurisdiction.

{¶ 7} On August 18, 2004, the Illinois court granted Morenz's petition for enforcement of the West Virginia child-custody determination and ordered Payne to immediately return Casandra to Morenz. The Illinois court determined that it had jurisdiction over the child-custody matter, that Payne had been served with its August 9 order directing him to appear in court with Casandra, and that Payne had not appeared as ordered. On August 19, Morenz moved the Jefferson County, Ohio court to enforce the Illinois custody order and on August 23, the Illinois court ordered Payne to show cause why he should not be held in contempt.

{¶ 8} On August 24, 2004, the West Virginia court sent a letter to respondent Magistrate Casimir T. Adulewicz of the Jefferson County, Ohio juvenile court notifying the court that assuming certain facts, West Virginia no longer had exclusive, continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.

{¶ 9} On August 25, the Jefferson County, Ohio juvenile court accepted and registered the West Virginia divorce decree. On September 1, 2004, the Illinois court granted Morenz's petition to register the West Virginia child-custody determination and further ordered that "[a]ll issues of child custody and visitation shall be heard by the Seventh Judicial Circuit, Sangamon County, Illinois."

{¶ 10} On September 2, Magistrate Adulewicz of the Jefferson County, Ohio juvenile court awarded temporary legal custody of Casandra to Payne and referred the matter to JCCSEA for investigation. The magistrate subsequently denied Morenz's request for findings of fact and conclusions of law to support his September 2 order. On September 22, Morenz filed objections to the magistrate's orders with Judge Kerr. Morenz requested that the matter be returned to the magistrate to issue findings of fact and conclusions of law to support his temporary child-custody order.

{¶ 11} On October 19, Morenz filed this action against Judge Kerr, Magistrate Adulewicz, and JCCSEA. Morenz requests writs of prohibition to prevent Judge Kerr and Magistrate Adulewicz from exercising further jurisdiction in Payne's Ohio child-custody case and to prevent JCCSEA from taking any further actions against her pursuant to the magistrate's September 2 bench order. Morenz also requests writs of mandamus and procedendo to order Judge Kerr and Magistrate Adulewicz to transfer the Ohio proceedings to the Illinois court. On November 1, the magistrate filed an answer. JCCSEA's response was due on November 12,

and Judge Kerr's response was due on November 15, but neither filed a timely response to Morenz's complaint.

{¶ 12} This cause is now before us for our determination under S.Ct.Prac.R. X(5).

## S.Ct.Prac.R. X(5): Standard of Review

{¶ 13} Under S.Ct.Prac.R. X(5), we must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. *State ex rel. Consumers' Counsel v. Pub. Util. Comm.,* 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 9. Dismissal is required if it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in Morenz's favor, that Morenz is not entitled to the requested extraordinary relief in prohibition, mandamus, and procedendo. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 13. If, however, after so construing Morenz's complaint, it appears that her claims may have merit, an alternative writ should be granted, and a schedule for the presentation of evidence and briefs should be issued. Id. Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that Morenz is entitled to the requested writs, we will issue peremptory writs of prohibition, mandamus, and procedendo. *State ex rel. Highlander v. Rudduck,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8.

## Prohibition: Judge Kerr and Magistrate Adulewicz

{¶ 14} In her primary claim, Morenz seeks a writ of prohibition to prevent Judge Kerr and Magistrate Adulewicz from further proceeding in the Ohio child-custody case instituted by Payne. Morenz asserts that the judge and magistrate patently and unambiguously lack jurisdiction in the Ohio child-custody matter. " 'If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 14, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. Therefore, "[i]n cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not be proven because the availability of alternate remedies like appeal would be immaterial." *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

{¶ 15} For the following reasons, Judge Kerr and Magistrate Adulewicz patently and unambiguously lack jurisdiction over the child-custody proceeding, and Morenz is entitled to a peremptory writ of prohibition.

{¶ 16} "To help resolve interstate custody disputes, the Uniform Child Custody Jurisdiction Act ('UCCJA') was drafted in 1968 and adopted by Ohio in 1977." *Justis v. Justis* (1998), 81 Ohio St.3d 312, 314, 691 N.E.2d 264, citing R.C. 3109.21 to 3109.37, 137 Ohio Laws, Part I, 359. Illinois also adopted the UCCJA. See 750 Ill.Comp.Stat. 36/101 et seq. The purpose of the UCCJA is " 'to avoid jurisdictional competition and conflict with courts of other jurisdictions' " in custody matters. *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 12, quoting *In re Palmer* (1984), 12 Ohio St.3d 194, 196, 12 OBR 259, 465 N.E.2d 1312. "To bolster the effectiveness of the UCCJA, Congress passed the Parental Kidnapping Prevention Act ('PKPA'), Section 1738A, Title 28, U.S.Code, in 1980, mandating that states afford full faith and credit to valid child custody orders of another state court." *Justis*, 81 Ohio St.3d at 315, 691 N.E.2d 264. When the Ohio version of the UCCJA conflicts with the PKPA, the PKPA prevails. *State ex rel. Seaton v. Holmes*, 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375, ¶ 16.

{¶ 17} Under the PKPA, a "court of a State shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody or visitation determination." Section 1738A(g), Title 28, U.S.Code.

{¶ 18} "A child custody or visitation determination made by a court of a State is consistent with the provisions of [the PKPA] only if—

{¶ 19} "(1) such court has jurisdiction under the law of such State; and

{¶ 20} "(2) one of the following conditions is met:

{¶ 21} "(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from the state because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State * * *." Section 1738A(c), Title 28, U.S.Code.

{¶ 22} Judge Kerr and Magistrate Adulewicz lack jurisdiction under the PKPA to exercise jurisdiction in the child-custody matter. At the time that Payne commenced his Ohio custody proceeding—when he filed his motion on August 8, 2004, to modify allocation of parental rights and responsibilities—Morenz's Illinois proceeding for a custody determination was already pending. That is, contrary to Magistrate Adulewicz's contention, the December 2003 JCCSEA Ohio petition for enforcement of the West Virginia *child-support order* did not initiate the Ohio proceeding for a *custody* determination so as to make Ohio first in time for purposes of the PKPA. See Section 1738A(b)(3) (" 'custody determination'

means a judgment, decree, or other order of a court providing for the custody of a child, and includes permanent and temporary orders, and initial orders and modifications"). And the Illinois court exercised jurisdiction consistent with the PKPA because it had jurisdiction under Illinois law, and Illinois was the home state of both Casandra and Morenz at the time the Illinois proceeding was commenced. Consequently, Judge Kerr and Magistrate Adulewicz lacked jurisdiction under Section 1738A(g), Title 28, U.S.Code, over Payne's custody action. See, generally, *G.B. v. Arapahoe Cty. Court* (Colo.1995), 890 P.2d 1153, 1160 ("Under section 1738A[g], then, Colorado could not assert jurisdiction as long as California proceedings were pending, and as long as California was exercising jurisdiction in conformity with the PKPA").

{¶ 23} Similarly, Judge Kerr and Magistrate Adulewicz were also precluded from exercising jurisdiction under R.C. 3109.24(A) of Ohio's version of the UCCJA. R.C. 3109.24(A) provides:

{¶ 24} "A court of this state shall not exercise its jurisdiction, if at the time of filing the petition a parenting proceeding concerning the child was pending in a court of another state exercising jurisdiction substantially in conformity with sections 3109.21 to 3109.36 of the Revised Code, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

{¶ 25} At the time that Payne filed his Ohio petition for a parenting determination, Morenz had already initiated a parenting proceeding in Illinois. See R.C. 3109.21(C), defining "parenting proceeding" for purposes of Ohio's version of the UCCJA as "proceedings in which a parenting determination is one of several issues"; see, also, R.C. 3109.21(B) (" 'Parenting determination' means a court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child, including any designation of parenting time rights, and designates a residential parent and legal custodian of the child or that, in relation to any other person, provides for the custody of a child, including visitation rights"). Again, notwithstanding the magistrate's claims to the contrary, the JCCSEA petition to register and enforce the West Virginia child-support order did not make the Ohio court first in time for purposes of the UCCJA because this petition did not request a parenting determination. See R.C. 3109.21(B) (" 'Parenting determination' * * * does not include a decision relating to child support or any other monetary obligation of any person").

{¶ 26} The Illinois court that is considering Morenz's child-custody proceeding is exercising jurisdiction in conformity with the UCCJA. See 750 Ill.Comp.Stat. 36/210 and 36/203. There is also no evidence that the Illinois court has stayed its proceeding and declined jurisdiction in favor of Ohio courts.

{¶ 27} Therefore, pursuant to R.C. 3109.24(A), Judge Kerr and Magistrate Adulewicz lack jurisdiction under the UCCJA to proceed in Payne's child-custody proceeding. This result is consistent with precedent. For example, in *G.B.*, the Colorado Supreme Court held that allegations of abuse prompting a refusal to return a child after visitation in California were insufficient to divest Colorado of jurisdiction it had first acquired under the UCCJA:

{¶ 28} "This case is exactly the type of case to which the UCCJA was intended to apply. The mother wrongfully refused to return C.B. after a period of visitation, and then the mother, and not the State, initiated proceedings in Colorado which were designed to change custody of C.B. in the mother's favor. We realize that the mother alleges that her actions were necessary to protect C.B. from abuse. However, if we were to allow Colorado to assert jurisdiction as soon as the parties allege abuse, it would permit the parties to circumvent the requirements of and the policies behind the UCCJA. Additionally, the mother has had a chance to present her abuse allegations before the California court." *G.B.*, 890 P.2d at 1160.

{¶ 29} Analogously, Payne's generalized allegations of neglect and abuse are insufficient to confer jurisdiction on the Ohio court over the child-custody proceeding in the absence of the Illinois court's declining to exercise jurisdiction over Morenz's child-custody proceeding.

{¶ 30} This result is also consistent with the purposes of the UCCJA and PKPA to avoid jurisdictional competition and conflict between courts of different states and to assure that the state with the optimum access to the relevant facts makes a custody determination that protects the child's best interests. See *Seaton*, 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375, ¶ 17. Illinois, where Casandra lived with her mother from November 2000 until June 2004, manifestly has greater access than Ohio to any evidence that might support Payne's allegations concerning Morenz's alleged neglect and Morenz's husband's alleged misconduct. There is no indication here that when the Ohio court became aware of the pending Illinois proceeding, it engaged in the communication with that court required by R.C. 3109.24(B) and (C). *In re Adoption of Asente* (2000), 90 Ohio St.3d 91, 102, 734 N.E.2d 1224 ("When a court of this state is asked to make a custody decision with respect to a child who is the subject of proceedings within the jurisdiction of another state, the UCCJA anticipates that a meaningful dialogue will occur between the judges in deciding which court is the more appropriate forum from which to decide the child custody issues").

{¶ 31} Therefore, because Judge Kerr and Magistrate Adulewicz patently and unambiguously lack jurisdiction over the underlying child-custody case because of the PKPA and UCCJA, Morenz is entitled to a peremptory writ of prohibition to prevent them from proceeding further.

Prohibition: JCCSEA

{¶ 32} Morenz is not entitled to the requested writ of prohibition against JCCSEA. Prohibition will not lie if the respondent is not exercising judicial or quasi-judicial authority. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 7. " 'Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial.' " (Emphasis sic.) *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 455, 755 N.E.2d 886, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908. JCCSEA is not exercising judicial or quasi-judicial authority in the underlying matter.

{¶ 33} Therefore, we dismiss Morenz's prohibition claim against JCCSEA.

Mandamus and Procedendo: Judge Kerr and Magistrate Adulewicz

{¶ 34} Morenz also requests writs of mandamus and procedendo to compel Judge Kerr and Magistrate Adulewicz to transfer the child-custody proceedings to the Illinois court.

{¶ 35} But our issuance of a writ of prohibition to prevent the Ohio child-custody case from proceeding renders Morenz's claim moot. The Illinois case is already proceeding, and because the Ohio court never obtained proper jurisdiction over the underlying case, there is nothing to transfer to the Illinois court. Neither mandamus nor procedendo will issue to compel a vain act. See *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812, ¶ 38; *State ex rel. Garnett v. Lyons* (1975), 44 Ohio St.2d 125, 127, 73 O.O.2d 440, 339 N.E.2d 628.

{¶ 36} Consequently, we dismiss Morenz's mandamus and procedendo claims because they are moot.

Conclusion

{¶ 37} Based on the foregoing, we grant a peremptory writ of prohibition to prevent Judge Kerr and Magistrate Adulewicz from proceeding in the Ohio child-custody case. We dismiss Morenz's claims for a writ of prohibition against JCCSEA because JCCSEA is not exercising judicial or quasi-judicial authority. Finally, we dismiss Morenz's claims for writs of mandamus and procedendo against Judge Kerr and Magistrate Adulewicz based on mootness.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Rapoport, Spitz, Friedland & Courtney and Alan J. Rapoport, for relator.

Casimir T. Adulewicz, pro se.