OPINION AND JOURNAL ENTRY
{¶ 1} Relators, Kelsey Lynn Bartlett ("the minor child"), by and through next of friend, Laura K. Graybill, and Laura K. Graybill, filed an original action in prohibition on September 10, 2004. Relators seek a writ of prohibition contending that Respondents, the Court of Common Pleas for Jefferson County, Ohio, and Judge Joseph J. Bruzzese, Jr., lack jurisdiction to proceed relative to the minor child's change in custody order.
 {¶ 2} This matter arises from the underlying cause captioned Bartlettv. Bartlett, Jefferson County Court of Common Pleas No. 91-DR-43, currently pending as a direct appeal before this Court under Case No. 04-JE-22.
 {¶ 3} Respondents have filed a motion to dismiss Relators' prohibition action. For the following reasons, Respondents' motion to dismiss is hereby granted.
 {¶ 4} The issue presently before this Court is whether Relators' writ should be dismissed for failure to state a claim upon which relief can be granted under Civ. R. 12(B)(6). A court will dismiss a writ of prohibition under Civ. R. 12(B)(6) if the relator cannot prove any facts warranting relief. The court must presume all factual allegations of the writ are true and must make all reasonable inferences in the relator's favor.State ex rel. United States Steel Corp. v. Zaleski, 98 Ohio St.3d 395,2003-Ohio-1630, 786 N.E.2d 39, ¶ 8.
 {¶ 5} In order for a court to issue a writ of prohibition, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 178, 631 N.E.2d 119.
 {¶ 6} A writ of prohibition is an extraordinary judicial writ issued by a court of superior jurisdiction directing an inferior tribunal to cease abusing or usurping its judicial functions. State ex rel. Jones v.Suster, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002. The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction. Id. A writ of prohibition only examines the subject matter jurisdiction of the lower court. State ex rel. Eaton Corp. v. Lancaster
(1988), 40 Ohio St.3d 404, 409, 534 N.E.2d 46; Jones, supra, at 73. If the court has subject matter jurisdiction, prohibition is not available to correct an erroneous decision or as a remedy for an abuse of discretion. State ex rel. Eaton Corp., supra.
 {¶ 7} A writ of prohibition will be granted where the lack of jurisdiction is patent and unambiguous. Ohio Dept. of Adm. Serv., Officeof Collective Bargaining v. State Emp. Relations Bd. (1990),54 Ohio St.3d 48, 562 N.E.2d 125. If an inferior court completely lacks jurisdiction to act, "the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court." State ex rel. Clevenger v.D'Apolito, 7th Dist. No. 04 MA 174, 2004-Ohio-5129, ¶ 6, citing State exrel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329; State ex rel.Sladoje v. Belskis, 149 Ohio App.3d 190, 197, 2002-Ohio-4505, at ¶ 42-47.
 {¶ 8} Upon reviewing the facts and the law in this cause, Respondents are not clearly entitled to a writ of prohibition and it must be denied.
 {¶ 9} The following facts are taken from Relators' complaint and Respondents' motion to dismiss:
 {¶ 10} The minor child is the daughter of Laura K. Graybill (f.k.a. Laura K. Horstman and Laura K. Bartlett) and Robert M. Bartlett. The child was born on May 17, 1990, in Tennessee; Laura was a Tennessee resident on that date. Thereafter, Laura and Robert were married on July 27, 1990, in Steubenville, Ohio. Laura and the child subsequently resided in Ohio, but for less than six months.
 {¶ 11} On January 3, 1991, Laura and Robert separated and she returned to Tennessee with the child. Robert subsequently filed a divorce complaint on February 1, 1991, in the Jefferson County Court of Common Pleas. Laura filed her answer and counterclaim for divorce on April 5, 1991; she requested sole custody of the minor child and child support. Laura also filed a motion requesting that the court find Robert in contempt for failing to comply with their child support agreement.
 {¶ 12} Robert and Laura subsequently agreed to an extensive visitation agreement. On that same date, Laura's counsel was permitted to withdraw from representation.
 {¶ 13} The divorce hearing was held on May 23, 1991, and Laura appeared pro se. The divorce decree designated Laura as residential parent and granted Robert visitation. The long-distance visitation was to be facilitated by Laura's father who was employed by an airline.
 {¶ 14} Seven months later, Robert filed his first motion for contempt and for a change in custody on December 17, 1991, alleging a denial of his visitation rights. In response, Laura filed a motion to transfer the matter to Tennessee. Following a hearing in Jefferson County, the parties agreed to a new visitation schedule.
 {¶ 15} On September 2, 1992, Robert filed a motion to enforce his visitation rights alleging that Laura had relocated to Oklahoma without notice and that he had been denied visitation since May of 1992. The court issued an order requiring Oklahoma officials to assist him in securing his visitation rights.
 {¶ 16} On March 30, 1993, Robert filed a motion for reallocation of parental rights. Laura did not appear for the hearing on that motion and she was held in contempt of court.
 {¶ 17} Robert filed another motion seeking to hold Laura in contempt in June of 2003. Laura again did not appear at the hearing. On July 1, 2003, the court ordered Laura to show cause as to why she should not be held in contempt. The court also entered another order granting Robert visitation rights.
 {¶ 18} In July of 2003, Laura filed a notice with the court informing it and Robert that her current husband had petitioned for the adoption of the minor child in Tulsa County, Oklahoma. Laura requested that Robert's contempt motion be held in abeyance until the adoption petition was addressed in Oklahoma.
 {¶ 19} In response, Robert filed a motion to modify parental rights and to hold Laura in contempt. Laura filed a motion seeking a transfer of the custody litigation to Tulsa County, Oklahoma. The Jefferson County Court of Common Pleas ordered Laura to personally appear for a jurisdictional hearing on October 15, 2003. The trial court overruled Laura's jurisdictional motion based on the ongoing proceedings in Ohio; because she unilaterally chose to move; and because Robert was never served with the stepfather's Oklahoma petition to adopt the minor child.
 {¶ 20} Laura appealed this decision and requested a stay pending her appeal to this Court. This Court dismissed her appeal based on a joint notice of voluntary dismissal.
 {¶ 21} The Jefferson County Court of Common Pleas subsequently set the parental rights modification request for hearing on June 16, 2004. Laura requested a continuance of that hearing on June 15, 2004. Her continuance was not ruled upon, and thus we must presume it was overruled. When a trial court enters judgment without determining a pending motion, the implication is that motion is considered overruled. Solon v. SolonBaptist Temple, Inc. (1982), 8 Ohio App.3d 347, 8 OBR 458,457 N.E.2d 858, paragraph two of the syllabus; Shaffer v. Shaffer
(1996), 109 Ohio App.3d 205, 671 N.E.2d 1317.
 {¶ 22} The hearing was conducted in her absence. The court designated Robert as the residential parent and legal custodian of the minor child. It ordered Laura to deliver the child to Robert on July 3, 2004; granted Laura visitation rights; and terminated the prior support order.
 {¶ 23} Laura appealed the decision of the trial court as to reallocation of parental rights to this Court, which is currently pending under Case No. 04-JE-22.
 {¶ 24} The minor child is currently fourteen years old, and she has resided with Laura in Oklahoma since 1992.
 {¶ 25} The Uniform Child Custody Jurisdiction Act ("UCCJA") was drafted to, "`avoid [child custody] jurisdictional competition and conflict with courts of other jurisdictions[.]'" State ex Rel Morenz v.Kerr, ___ Ohio St.3d ___, 2004-Ohio-6208, ¶ 16, quoting In re Complaintfor Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427, 2004-Ohio-5579,816 N.E.2d 594, ¶ 12. Ohio adopted the UCCJA in 1977. Justis v. Justis
(1998), 81 Ohio St.3d 312, 314, 691 N.E.2d 264.
 {¶ 26} In order to bolster the effectiveness of the UCCJA, the United States Congress passed the Parental Kidnapping Prevention Act ("PKPA"), which requires states to afford full faith and credit to another state's valid child custody order. Justis, supra, at 315. The PKPA prevails if it conflicts with Ohio's version of the UCCJA. State ex rel. Seaton v.Holmes, 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375 ¶ 16.
 {¶ 27} Under the PKPA, a state court, "`shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody or visitation determination.'" State ex Rel Morenz v. Kerr, supra, ¶ 17, quoting Section 1738(A)(g), Title 28, U.S. Code.
 {¶ 28} In the instant matter, there were no other pending actions relative to the minor child's custody in June of 2003 when Robert filed his motion for contempt based on his continued denial of visitation. The Tulsa County, Oklahoma case was not commenced until July of 2003. But for purposes of our determination of the ongoing Jefferson County Court of Common Pleas cause, there have never been any other pending actions filed in any other jurisdiction relative to the minor child's custody until the adoption petition was filed in Oklahoma.
 {¶ 29} In support of her assertion that Ohio lacks jurisdiction over the instant custody dispute, Laura refers to Ohio's version of the UCCJA. R.C. § 3109.22, prerequisites to jurisdiction, provides:
 {¶ 30} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 31} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 32} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 {¶ 33} "(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 {¶ 34} "(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A) (1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.
 {¶ 35} "(B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child.
 {¶ 36} "(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to make a parenting determination relative to the child."
 {¶ 37} Relators assert in their complaint for writ of prohibition that the Jefferson County Court of Common Pleas completely lacks jurisdiction to act relative to the minor child's custody. Relators argue that the child was not born in Ohio; she was not conceived in Ohio; she has never lived in Ohio for six months or more; her father's paternity was never established and his name is not on her birth certificate; she was never made a party to the underlying action; she never had a guardian appointed on her behalf; and since she was born out of wedlock, she assumed her mother's domicile of Tennessee.
 {¶ 38} As such, Relators assert that since none of the four prerequisites to jurisdiction under R.C. § 3109.22(A) apply to the instant cause, Ohio completely lacks jurisdiction to act relative to the minor child's custody.
 {¶ 39} In examining the statute factor by factor, it is apparent that R.C. § 3109.22(A)(1) is inapplicable since Ohio was not the minor child's home state at the commencement of these proceedings and it was not her home state six months prior to filing in this matter.
 {¶ 40} It is unclear whether R.C. § 3109.22(A)(2) applies. There is no indication in the pleadings concerning the minor child's present or future care.
 {¶ 41} R.C. § 3109.22(A)(3) is inapplicable because the minor child is not currently present in Ohio, and there are no alleged emergency circumstances threatening her well-being.
 {¶ 42} Finally, R.C. § 3109.22(A)(4) may not apply since the minor child has resided in Oklahoma since 1993, and Oklahoma evidently has not declined jurisdiction.
 {¶ 43} Notwithstanding the lack of statutory prerequisites to jurisdiction, Relators do not dispute that they have repeatedly submitted to the jurisdiction of the Jefferson County Court of Common Pleas since Robert and Laura's divorce in 1991. Laura was awarded custody and child support at that time, and she has continued to receive support consistent with the Jefferson County court's orders. Although Relators argue that Robert's paternity has never been established, they do not attempt to assert that he is not the minor child's father.
 {¶ 44} Further, Relators do not contend that any state other than Ohio has had any action pending relative to the minor child's custody until her stepfather's petition for adoption, which was filed in Tulsa County, Oklahoma in July of 2003. Relators do not contend that the Tulsa County Court in Oklahoma has ever issued any decisions relative to its jurisdiction as opposed to Ohio's jurisdiction. Further, it is unclear whether Relators advised the Tulsa County Court of the pending Jefferson County Court of Common Pleas custody matter. Their complaint does not reference any of the above pertinent matters.
 {¶ 45} Generally, "[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties."Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2, 406 N.E.2d 1093, citingHoffman v. Hoffman (1864), 15 Ohio St. 427; Addams v. State ex rel.Hubbell (1922), 104 Ohio St. 475, 135 N.E. 667; Corbett v. Corbett
(1930), 123 Ohio St. 76, 174 N.E. 10; Van Divort v. Van Divort (1956),165 Ohio St. 141, 134 N.E.2d 715. "The UCCJA acts to statutorily ensure the same type of recognition of interstate continuing custody jurisdiction * * * for `as long as a parent or a child continues to reside in the state rendering the original decree * * *.'" Boehn v.Shurtliff (1993), 90 Ohio App.3d 363, 367, 629 N.E.2d 478, quoting Annotation, Continuing Jurisdiction (1991), 83 A.L.R.4th 742, 748-749. Robert has continued to reside in Ohio throughout the instant proceedings.
 {¶ 46} Further, Civ. R. 75(J) provides for continuing jurisdiction by motion filed in an original action. However, Civ. R. 75(J) does "not confer jurisdiction in Ohio over postdecree matters when jurisdiction is otherwise lacking under the PKPA or the UCCJA." State ex rel. Seaton v.Holmes, 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375, ¶ 16.
 {¶ 47} Notwithstanding the potential that the trial court herein may have erred in its decision as to the underlying issue of the minor child's custody, it appears that the Jefferson County Court of Common Pleas did not patently and unambiguously lack jurisdiction to render its decision.
 {¶ 48} Further, Relators concede that they have an appeal currently pending before this Court from the trial court's underlying decision to change custody. Relators can pursue their jurisdictional issues and the appropriateness of the trial court's decision in their direct appeal. As such, there is no, "patent and unambiguous restriction on the [Respondents'] jurisdiction * * * or a complete and total want of jurisdiction which clearly places the pertinent controversy outside the court's jurisdiction." State ex rel. Aycock v. Mowrey (1989),45 Ohio St.3d 347, 351, 544 N.E.2d 657, citing State ex rel. Smith v.Court (1982), 70 Ohio St.2d 213, 215-216, 24 O.O.3d 320, 436 N.E.2d 1005. Thus, Respondents' motion to dismiss is hereby granted and Relators' request for a Writ of Prohibition is denied.
 {¶ 49} Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.