OPINION
{¶ 1} This is an appeal from a denial of a Motion to Dismiss predicated upon Appellant's assertion that Ohio is not the proper forum under U.C.C.J.A. and R.C. § 3109.22 as Appellant and her minor child, Alyssa, age six, are residents of the State of Florida and the best interests of the child as to visitation would be Florida.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 25, 2001, the Delaware County Child Support Enforcement Agency obtained a judgment pursuant to a complaint to adopt an administrative paternity order.
 {¶ 3} Appellee, Alex Napier, had filed a motion to modify child support on November 12, 2004, amending the same on January 7, 2005.
 {¶ 4} On March 31, 2005, Appellee filed a Motion for Companionship with a U.C.C.J.A. affidavit being filed April 4, 2005. U.C.C.J.A. was repealed April 11, 2005.
 {¶ 5} In July, 2006, Appellant filed a Petition to Domesticate in Florida.
 {¶ 6} A hearing was held on July 19, 2005, on Appellant's Motion to Dismiss with Appellant participating by telephone, although her counsel was present.
 {¶ 7} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THE CASE SUB JUDICE WHEN IT OVERRULED PLAINTIFF/APPELLANT'S MOTION TO DISMISS."
 I. {¶ 9} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 10} In reviewing the records under the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 11} Before reaching Appellant's Assignment of Error, we are required to address the question to the existence of a final appealable order under R.C. § 2505.02. {¶ 12} This Court, inScott v. Wilt (Feb. 9, 1996), 5th Dist. App. No. 95AP060045, unreported, stated:
 {¶ 13} "Generally, a denial of a motion to dismiss in a criminal or civil case is not considered a final appealable order because the case will proceed to trial. If an adverse judgment is rendered, the denial of the motion to dismiss may be an assignment of error on appeal. Lakewood v. Pfeifer (1992),83 Ohio App.3d 47, 50, citing State v. Eberhardt (1978),56 Ohio App.2d 193, 197-98."
 {¶ 14} Such conclusion was well stated also in City ofKirtland v. Novak (Sept. 16, 2005), 11th Dist. App. No. 2005-L-083:
 {¶ 15} "It is well established that the denial of a motion to dismiss for lack of jurisdiction is not a final appealable order. This is due to the fact that the underlying reasons for the motion remain undisturbed until final judgment. Thus, an appellant can always appeal the issue of jurisdiction after disposition of the entire case. State ex rel. Seaton v. Holmes,100 Ohio St.3d 265, 2003-Ohio-5897."
 {¶ 16} Applying such standard to the case sub judice, we find that a final appealable order has not been presented for our review.
 {¶ 17} This cause is dismissed but at Appellee's costs.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is dismissed. Costs assessed to appellee.