[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY and OPINION
{¶ 1} On October 12, 2005, the petitioners, Jason Peffer and Lynne Peffer, commenced this prohibition action against Judge Nancy Margaret Russo to prohibit her from taking any further action in the underlying case, Jason Peffer, et al. v. The Cleveland Clinic Foundation, et al.,
Cuyahoga County Common Pleas Case No. CV-03-496855.[1] The petitioners have also sought an alternative writ. Judge Russo has filed, on October 14, 2005, a brief in opposition and a motion to dismiss. For the following reasons, this court grants the alternative writ of prohibition and a peremptory writ of prohibition and prohibits Judge Russo from taking any further action on the underlying case.
 {¶ 2} In July 2005, the parties, pursuant to R.C. 2701.10, agreed to refer the underlying case to Judge Peggy Foley Jones. Initially, Judge Russo agreed to this in a journal entry of July 13, 2005. Subsequently, she endeavored to vacate that agreement in part: the parties could either hold a bench trial before Judge Jones or hold a jury trial before Judge Russo. To resolve the conflict between the judges, Administrative Judge Richard McMonagle, on October 5, 2005, issued the following order: "Pursuant to Superintendence Rule 4(B)(1) and to court policy, the court orders the above-captioned case proceeds [sic] to trial with visiting Judge Peggy Foley Jones on 10/17/05." When further conflict continued, he issued an even clearer order terminating Judge Russo's jurisdiction over the case.
 {¶ 3} This court finds these entries determinative. Under Sup.R. 4(B) the administrative judge has full responsibility and control over the administration, docket and calendar of the court, and he has the power to assign cases. By issuing the orders, he removed Judge Russo from the case, and Judge Russo exceeded her authority by endeavoring to issue further orders in the case. In State ex rel. Novak v. Judge Mahon (Jan. 11, 2001), Cuyahoga App. No. 78505, this court affirmed the principle: "Once a case is assigned to an individual judge, by lot, it may be reassigned or transferred to another judge by order of the administrative judge." (Slip op. at pg. 4, citing 1997 Staff Notes, Sup.R. 36.)
 {¶ 4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E. 2d 239. In the present case, Administrative Judge McMonagle's orders unambiguously terminated Judge Russo's authority over the underlying case and she is without power or authority to act further on that case.
 {¶ 5} Accordingly, this court grants both the alternative and peremptory writs of prohibition against Judge Nancy Margaret Russo. Costs assessed against respondent. The clerk is directed
 {¶ 6} to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., P.J. and
 Sweeney, J., Concur.
[1] The underlying action is a medical malpractice action refiled after a voluntary dismissal in March 2003. Jason is a minor and Lynne Peffer is the next-of-friend and natural guardian.