ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The relators, Cheryl Austin and Metrohealth Medical Center, have filed a complaint for a writ of mandamus. The relators seek an order from this court which requires the respondent, Judge John D. Sutula, to order the referral of the underlying action of Austin v. Metrohealth MedicalCenter, Cuyahoga County Court of Common Pleas Case No. CV-538701, for a jury trial before a voluntarily retired judge pursuant to R.C. 2701.10. The respondent has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} The following facts, which are pertinent to this opinion, are gleaned from the relators' complaint for a writ of mandamus, the relators' application for an alternative writ of mandamus, the respondent's motion to dismiss, and the relators' brief in opposition to the motion to dismiss. On August 16, 2004, relator-Austin filed a complaint with a jury demand, grounded in medical malpractice, against relator-Metrohealth Medical Center in the Cuyahoga County Court of Common Pleas. The respondent was assigned to handle all court activity, including motions, emergency matters, case management conferences, pretrials, trials, and any post-trial matters associated with the cases assigned to the docket. See Loc.R. 15 of the Court of Common Pleas of Cuyahoga County, General Division. On September 26, 2005, the relators filed an "agreement for referral for submission to retired Judge pursuant to R.C. 2701.10" with the Clerk of the Cuyahoga County Court of Common Pleas. The agreement for referral, as executed between the relators, provided in pertinent part that:
1. Plaintiff(s) Cheryl Austin, Adm. and Defendant(s) MetroHealth Medical Center do hereby agree that this case shall be transferred to Judge Peggy Foley Jones, a Retired Judge, who shall: * * * a. Hear and determine all issues of law and fact which may hereafter arise in this case, preside over a jury which will receive evidence and render a judgment adjudicating the action or proceeding in its entirety, including all post-trial proceedings, if any. * * *
2. The parties agree to assume the responsibility for providing all facilities, equipment, and personnel reasonably deemed necessary by Judge Jones during her consideration of the action or proceeding referred, or the issue(s) or question(s) submitted, and agree to pay all costs arising out of the provision of facilities, equipment and personnel, if necessary.
3. The parties agree to pay the sum of $300 per hour plus all reasonable expenses incurred incident to the conduct of the proceedings. Payment of all amounts due and owing to Judge Jones for her services shall be made at such times and in such amounts, as the parties and Judge Jones may agree upon. * * *
 {¶ 3} On October 13, 2005, the respondent entered an order which rejected the relators' written agreement to submit the pending medical malpractice action to a voluntarily retired judge. The respondent's order of October 13, 2005, provided that:
The proposed agreement for referral to a private judge does not comply with section 2701.10 of the Revised Code and will not be validated by this court, as the agreement does not call for the private judge as the said section requires, to try all of the issues of the proceeding; but rather orders trial by a jury, which is in direct conflict with said statute. Further, the fees to be paid the private judge are excessive and unreasonable. Trial will proceed as scheduled on October 26, 2005 at 9:00 AM.
 {¶ 4} On October 20, 2005, the relators filed a "verified complaint for a writ of mandamus" as well as a "motion for alternative writ with request for expedited disposition." On October 25, 2005, this court granted the relators' "motion for an alternative writ with request for expedited disposition" which prohibited the respondent "from proceeding to trial or exercising any other jurisdiction in the underlying action ofAustin v. Metrohealth Medical Center, Cuyahoga County Court of Common Pleas Case No. CV-538701." In addition, a briefing schedule was set for the parties. On October 25, 2005, the respondent filed a motion to dismiss the verified complaint for a writ of mandamus. On November 3, 2005, the relators filed a brief in opposition to the respondent's motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss the verified complaint for a writ of mandamus.
 {¶ 5} In order for this court to issue a writ of mandamus, the relators must demonstrate each prong of the following three-part test: (1) the relators possess a clear legal right to the requested relief; (2) the respondent possesses a clear legal duty to perform the requested relief; and (3) there exists no adequate remedy at law. State ex rel. Neyv. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for an appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659. Mandamus is an extraordinary remedy which is to be exercised with caution and issued only when the right is clear. Mandamus will not issue in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 6} In the case sub judice, the relators argue that pursuant to R.C. 2701.10 and the written agreement as filed with the Clerk of the Cuyahoga County Court of Common Pleas on September 26, 2005, they possess a clear legal right which allows a voluntarily retired judge to preside over a jury trial and that the respondent possesses a clear legal duty to enter a journal entry which refers the pending action to a voluntarily retired judge for a jury trial. The relators also argue that they possess no adequate remedy in the ordinary course of the law.
 {¶ 7} R.C. 2701.10 and Rule VI of the Rules for the Government of the Judiciary regulate the referral of a civil action to a voluntarily retired judge. In reading both R.C. 2701.10 and Gov.Jud.R. VI, this court is required to determine the legislative intent in enacting the statute and rule and all words used in the statute and rule must be taken in their usual, normal or customary meaning. This court is not permitted to insert words not contained within the statute or rule.
"In construing a statue, a court's paramount concern is the legislative intent in enacting the statute. * * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." State v. S.R. (1992), 63 Ohio St.3d 590, 594-595,589 N.E.2d 1319, 1323. Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42. It is the duty of the court to give effect to the words used and not to insert words not used.State ex rel. Casels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 220, 631 N.E.2d 150, 153.
State ex rel. Carter v. Wilkinson, Dir., 70 Ohio St.3d 65, 66;1994-Ohio-245, 637 N.E.2d 1
 {¶ 8} A plain and ordinary reading of R.C. 2701.10 and Gov.Jud.R. VI clearly demonstrates that a voluntarily retired judge, to whom the civil action is referred, shall try all of the issues or specific issues, shall prepare relevant findings of fact and conclusions of law, and shall enter a judgment in the action or proceeding. R.C. 2701.10 and Gov.Jud.R. VI do not contain any reference to a jury trial and this court is prohibited from inserting such an option. To the contrary, R.C. 2701.10 and Gov.Jud.R. VI are replete with reference to the fact that the voluntarily retired judge, to whom the civil action is referred, shall sit as the trier of fact with the need for the filing of findings of fact and conclusions of law:
(1) Any voluntarily retired judge, * * * may register * * * for the purpose of receiving referrals for adjudication of civil actions orproceedings, and submissions for determination of specific issues or questions of fact or law in any civil action or proceeding, pending in the court. See R.C. 2701.10(A);
(2) The parties * * * may choose to have the action or proceeding inits entirety referred for adjudication, or to have any specific issue or question of fact or law in the action or proceeding submitted for determination, to a judge of their choosing * * *. See R.C. 2701.10(B)(1);
(3) That the action or proceeding in its entirety is to be referredto, and is to be tried, determined, and adjudicated by that retiredjudge; . . . See R.C. 2701.10(B)(1)(c)(i);
(4) Indicates that the issue or question is to be submitted, and is tobe tried and determined by that retired judge. See R.C.2701.10(B)(1)(c)(ii);
(5) A retired judge to whom a referral is made under this section shalltry all of the issues in the action or proceeding, shall prepare relevantfindings of fact and conclusions of law, and shall enter a judgment inthe action or proceeding in the same manner as if he were an active judgeof the court. A retired judge to whom a submission is made under this section shall try the specific issue or question submitted, shall prepare relevant findings of fact or conclusions of law, shall make a determination on the issue or question submitted, and shall file the findings, conclusions, and determination with the clerk of the court in which the action or proceeding is pending. Any judgment entered, and any finding of fact, conclusion of law, or determination of an issue or question made, by a retired judge in accordance with this section shall have the same force and effect as if it had been entered or made by an active judge of the court, and any appeal from the judgment, finding, conclusion, or determination shall be made as if the judgment had been entered, or the finding, conclusion, or determination had been made, by an active judge of the court. See R.C. 2701.10(D);
(6) Upon the consent of all parties to a civil action or proceeding pending in any court of common pleas, municipal court, or county court, the parties shall notify the court of their agreement to have the actionor proceeding referred for adjudication or have any specific issues or questions of fact or law in the action or proceeding submitted for determination to a retired judge of their choosing who is eligible to accept referrals or submissions. See Gov.Jud.R. VI, § 2(A);
(7) Within a reasonable time after accepting the referral or submission, the judge shall schedule a pretrial conference. An order shall be filed with the clerk of courts that includes all of the following: 1) The issues to be decided by the judge; * * * 4) A trialdate or, if the case is to be submitted to the judge on documentaryevidence alone, a date for submission; * * *. See Gov.Jud.R. VI, § 3(B);
(8) At the conclusion of the trial or after submission on documentary evidence, the judge may direct the parties to file post-trial memoranda.The judge shall decide the case promptly. See Gov.Jud.R. VI § 3(C); and
(9) The decision of the judge shall be in writing and contain separatefindings of fact and conclusions of law. The judge shall file a copy of the decision and a judgment entry with the clerk of courts and direct the clerk to serve copies of the decision and judgment entry on all the parties. See Gov.Jud.R. VI, § 3(D). (Emphasis added).
 {¶ 9} It must also be noted that Form 3 and Form 4, which are a part of the Supreme Court Rules for the Government of the Judiciary, provide that the voluntarily retired judge shall hear and determine all issues of law and fact which arise in the case, and render a judgment adjudicating the action or proceeding in its entirety.
 {¶ 10} Based upon the language contained within R.C. 2701.10 and the Supreme Court Rules for the Government of the Judiciary, we find no reference to the ability of a voluntarily retired judge to conduct a jury trial. Thus, the relators have failed to establish that they possess a clear legal right to have the underlying civil action referred to a voluntarily retired judge for the purpose of a jury trial or that the respondent possesses a clear legal duty to refer the civil action to a voluntarily retired judge for the purpose of a jury trial. At the very least, it is doubtful that R.C. 2701.10 and Gov.Jud.R. VI, allow for a jury trial before a voluntarily retired judge. Finally, we need not address the issue of whether there exists an adequate remedy at law, since the relators have failed to establish the existence of a clear legal right or a clear legal duty.
 {¶ 11} Accordingly, we grant the respondent's motion to dismiss. Costs to the relators. It is further ordered that the alternative writ of mandamus, which prohibited the respondent from proceeding to trial or exercising any other jurisdiction in Austin v. Metrohealth MedicalCenter, Cuyahoga County Court of Common Pleas Case No. CV-538701, shall remain in full force and effect for a period of sixty (60) days from the date of the entry. At the conclusion of the aforesaid sixty (60) day period, the alterative writ of mandamus is ordered dissolved and vacated. Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Gallagher, J., Concurs Separately Rocco, J., Concurs
 CONCURRING OPINION