The State ex rel. Russo, Judge, *v.* McDonnell, Judge.

[Cite as *State ex rel. Russo v. McDonnell,*
110 Ohio St.3d 144, 2006-Ohio-3459.]

(No. 2005–2130—Submitted January 24, 2006—Decided July 12, 2006.)

O'Donnell, J.

{¶ 1} On November 14, 2005, relator, Cuyahoga County Court of Common Pleas Judge Nancy Margaret Russo, filed this action seeking a writ of prohibition to prevent Judge Richard J. McMonagle, who was then the administrative judge of the Cuyahoga County Court of Common Pleas, from facilitating jury trials in civil cases referred to private judges pursuant to R.C. 2701.10 and Gov.Jud.R. VI and to prevent him from permitting the use of court facilities, equipment, resources, or personnel in any such proceeding. We grant the writ regarding the conduct of jury trials but deny the writ regarding court facilities.

### Court Policy on Private Judging

{¶ 2} Under Sup.R. 4(B), the administrative judge has "full responsibility and control over the administration, docket, and calendar of the court or division" and

is "responsible to the Chief Justice of the Supreme Court in the discharge of his or her duties." In exercising this authority, the administrative judge implemented a policy entitled "Court Policy Regarding Private Judging," specifying that "jury trials will be permitted with private judges" under the following conditions:

{¶ 3} "1) Notification to the Clerk of the Court of Common Pleas must be made at least six weeks prior to the date of trial;

{¶ 4} "2) Notice to the Administrative Judge must be made contemporaneously with notice to the Clerk of Courts;

{¶ 5} "3) The Administrative Judge will then order an additional 50 jurors to be called by the Jury Commissioner to help alleviate any possible burden on other judges' jury trials;

{¶ 6} "4) Trials by a private judge may only commence on a Wednesday; and

{¶ 7} "5) The Court will endeavor to make courtrooms available, but cannot guarantee the use of a County courtroom.

{¶ 8} "6) No Court staff except court reporters will be made available to the private judge. The private judge must supply their own bailiff etc. Court reporters will be made available and only Official Court Reporters may be used to transcribe proceedings."

{¶ 9} The administrative judge cited R.C. 2701.10 as the authority for the policy. R.C. 2701.10 permits the consensual referral of civil actions to retired judges under certain circumstances.

### Peffer v. Cleveland Clinic Foundation

{¶ 10} Relator is the judge assigned in *Peffer v. Cleveland Clinic Found.*, Cuyahoga C.P. case No. CV–03–496855. The parties in *Peffer* entered into an agreement to refer the case in its entirety for a jury trial under R.C. 2701.10. After relator refused to refer the case, the administrative judge ordered the referral to a retired judge under R.C. 2701.10 for the case to proceed to jury trial. The administrative judge specified that "pursuant to Superintendence Rule 4(B)(1) this court orders that the case proceed to a jury trial before retired Judge Peggy Foley Jones" and that relator "no longer has any jurisdiction over this matter, and has not since 07/15/05, the date of filing agreement for referral. (R.C. 2701.10)."

{¶ 11} The Court of Appeals for Cuyahoga County subsequently granted the plaintiffs in *Peffer* a writ of prohibition to prevent relator from proceeding in the case because the administrative judge's orders "unambiguously terminated [relator's] authority over the underlying case and she is without power or authority to act further on that case." *State ex rel. Peffer v. Russo,* Cuyahoga App. No.

87149, 2005-Ohio-5556, 2005 WL 2698574, ¶ 4. The court of appeals did not determine whether R.C. 2701.10 authorized the referral for a jury trial.

### Austin v. MetroHealth Medical Center

{¶ 12} *Austin v. MetroHealth Med. Ctr.*, Cuyahoga C.P. case No. CV–04– 538701, a case initially assigned to Judge John D. Sutula, is one of several other cases in the Cuyahoga County Common Pleas Court in which the parties agreed to refer the case to a retired judge for a jury trial under R.C. 2701.10. According to relator, Judge Sutula refused to refer the case, based on his belief that R.C. 2701.10 does not authorize jury trials.

{¶ 13} The Court of Appeals for Cuyahoga County granted the parties in *Austin* an alternative writ of mandamus on their claim to compel the trial court judge to refer the case to a retired judge for jury trial and prohibited the trial court judge from taking any further action while the mandamus case was pending.

{¶ 14} On November 23, 2005, the court of appeals dismissed the complaint because "R.C. 2701.10 and Gov.Jud.R. VI do not contain any reference to a jury trial" and it could "find no reference to the ability of a voluntarily retired judge to conduct a jury trial." *State ex rel. MetroHealth Med. Ctr. v. Sutula*, Cuyahoga App. No. 87184, 2005-Ohio-6243, 2005 WL 3120209, ¶ 8, 10.

### Use of Public Jury Pool and Public Resources

{¶ 15} Relator claims that the administrative judge directed the assignment of juries to private proceedings under R.C. 2701.10. According to relator, the administrative judge did so even though there was often an insufficient number of jurors to hear cases before elected judges.

{¶ 16} The administrative judge also permitted common pleas courtrooms and other rooms operated and funded by the county to be used for proceedings under R.C. 2701.10, including trials and pretrial conferences. Pursuant to the policy implemented by him, the administrative judge authorized the assignment of common pleas court reporters to these proceedings. According to relator, the policy consistently resulted in a shortage of court reporters for common pleas court judges to conduct business in their own courtrooms.

{¶ 17} In addition, the administrative judge allowed the use of other court personnel and resources, e.g., security, copying, and utilities, for these proceedings.

### Prohibition Action

{¶ 18} On November 14, 2005, relator filed this action for a writ of prohibition to prevent the administrative judge from "compelling or facilitating jury trials in

proceedings purportedly submitted or referred" under R.C. 2701.10. Relator also requested a writ of prohibition to prevent the administrative judge from "directing or permitting the use of facilities, equipment, resources, utilities and/or personnel of the Cuyahoga County Court of Common Pleas in any proceedings" under R.C. 2701.10. On December 7, the administrative judge answered and moved for judgment on the pleadings. On December 19, relator filed a memorandum in opposition to the administrative judge's motion.

{¶ 19} On December 28, 2005, we ordered oral argument for January 24, 2006. On January 5, 2006, we received notification that Judge Nancy R. McDonnell has now succeeded Judge McMonagle as the administrative judge of the common pleas court. Pursuant to S.Ct.Prac.R. X(2) and Civ.R. 25(D)(1), Judge McDonnell is automatically substituted as the respondent in this case. The Ohio Academy of Trial Lawyers and Ohio Association of Civil Trial Attorneys filed an amici curiae brief in support of the administrative judge.

### S.Ct.Prac.R. X(5) Determination

{¶ 20} In accordance with S.Ct.Prac.R. X(5), we must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. If the pertinent facts are uncontroverted and it appears beyond doubt that relator is entitled to the requested writ, we will grant a peremptory writ. *State ex rel. Morenz v. Kerr,* 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 13.

### Prohibition: General Standards

{¶ 21} In order to be entitled to the requested extraordinary relief in prohibition, relator must establish that (1) the administrative judge is about to exercise judicial power, (2) the exercise of this power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Brady v. Pianka,* 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 7. The administrative judge has exercised and continues to exercise judicial authority by authorizing jury trials in proceedings before a retired judge under R.C. 2701.10 and Gov.Jud.R. VI and ordering the use of court resources in these proceedings. The administrative judge does not deny that judicial power is being exercised.

{¶ 22} As to the remaining writ requirements, " '[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 14, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. Thus, " '[i]n cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not

be proven because the availability of alternate remedies like appeal would be immaterial.'" *Morenz,* 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 14, quoting *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

### Prohibition: Proceedings under R.C. 2701.10 and Gov.Jud.R. VI

{¶ 23} The administrative judge authorized jury trials before retired judges under R.C. 2701.10. "The Ohio Constitution does not confer jurisdiction on courts of common pleas; the Constitution instead provides that jurisdiction must be conferred on these courts by the General Assembly. Section 4(B), Article IV, Ohio Constitution ('The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law* ' [emphasis added] )." *State ex rel. Mason v. Griffin,* 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, ¶ 15. R.C. 2701.10, in accordance with Section 4(B), Article IV of the Ohio Constitution, confers subject-matter jurisdiction on certain retired judges to decide civil actions pending in common pleas and other courts. See *State ex rel. Huffman v. Cox,* Franklin App. No. 02AP–803, 2003-Ohio-3642, 2003 WL 21545128, ¶ 32.

{¶ 24} R.C. 2701.10 is "a consensual reference statute that provides a form of dispute resolution commonly referred to as 'private judging' or 'rent-a-judge.' " *Huffman v. Huffman,* Franklin App. Nos. 02AP–101 and 02AP–698, 2002-Ohio-6031, 2002 WL 31466435, ¶ 12.

{¶ 25} Consistent with this general practice, R.C. 2701.10(B)(1) provides, "The parties to any civil action or proceeding pending in any court of common pleas * * * may choose to have the action or proceeding in its entirety referred for adjudication, or to have any specific issue or question of fact or law in the action or proceeding submitted for determination, to a [retired] judge of their choosing * * *." See, also, Gov.Jud.R. VI(1)(A) ("Parties to a civil action or proceeding pending in a court of common pleas * * * who agree to have their action or proceeding referred or issue or question submitted to a voluntarily retired judge pursuant to section 2701.10 of the Revised Code shall refer the action or proceeding or submit the issue or question according to the provisions of this rule and that section").[1]

{¶ 26} R.C. 2701.10(B)(1) states:

---

1. As used in Gov.Jud.R. VI, "voluntarily retired judge" generally means "any person who was elected to and served on an Ohio court without being defeated in an election for new or continued service on that court." Gov.Jud.R. VI(1)(C)(2).

{¶ 27} "If the parties unanimously do choose to have a referral or submission made to a retired judge pursuant to this section, all of the parties to the action or proceeding shall enter into a written agreement with the retired judge that does all of the following:

{¶ 28} "(a) Designates the retired judge to whom the referral or submission is to be made;

{¶ 29} "(b) If a submission is to be made, describes in detail the specific issue or question to be submitted;

{¶ 30} "(c) Indicates either of the following:

{¶ 31} "(i) That the action or proceeding in its entirety is to be referred to, and is to be *tried, determined, and adjudicated by that retired judge*;

{¶ 32} "(ii) Indicates that the issue or question is to be submitted, and is to be *tried and determined by that retired judge.*

{¶ 33} "(d) Indicates that *the parties will assume the responsibility for providing facilities, equipment, and personnel reasonably needed by the retired judge during his consideration of the action or proceeding and will pay all costs arising out of the provision of the facilities, equipment, and personnel*;

{¶ 34} "(e) Identifies an amount of compensation to be paid by the parties to the retired judge for his services and the manner of payment of the compensation." (Emphasis added.)

{¶ 35} The parties must file a copy of the agreement with the clerk of courts. R.C. 2701.10(B)(2); Gov.Jud.R. VI(2)(A). "Upon the filing of the agreement, the judge before whom the action or proceeding is pending, by journal entry, shall order the referral or submission in accordance with the agreement." R.C. 2701.10(B)(2); see, also, Gov.Jud.R. VI(2)(B). "Upon the entry of an order of referral or submission in accordance with division (B)(2) of this section, the retired judge to whom the referral or submission is made, relative to the action or proceeding referred or the issue or question submitted, shall have all of the powers, duties, and authority of an active judge of the court in which the action or proceeding is pending." R.C. 2701.10(C).

### Prohibition: Jury Trials in Private–Judging Cases

{¶ 36} The administrative judge relies on R.C. 2701.10 to support the court's policy authorizing referrals of pending civil cases to private judges for jury trials.

{¶ 37} "In construing a statute, our paramount concern is legislative intent." *State ex rel. Musial v. N. Olmsted,* 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23. In order to determine this intent, we must " 'read words and phrases in context according to the rules of grammar and common usage.' " *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.,* 105 Ohio St.3d 177,

2005-Ohio-1150, 824 N.E.2d 68, ¶ 27, quoting *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 23; R.C. 1.42.

{¶ 38} R.C. 2701.10(B)(2) specifies that "[n]o referral or submission shall be made to a retired judge under this section, unless the parties to the action or proceeding unanimously choose to have the referral or submission made, enter into an agreement of the type described in division (B)(1) of this section with the retired judge, and file the agreement in accordance with this division." R.C. 2701.10(B)(1) provides that the parties and retired judge must expressly agree that the action referred shall be "tried, determined, and adjudicated by that retired judge." R.C. 2701.10(D) further specifies that "[a] retired judge to whom a referral is made under this section shall try all of the issues on the action or proceeding, shall prepare relevant findings of fact and conclusions of law, and shall enter a judgment in the action or proceeding in the same manner as if he were an active judge of the court."

{¶ 39} Similarly, Gov.Jud.R. VI(1)(A) provides, "Parties to a civil action or proceeding pending in a court of common pleas, municipal court, or county court who agree to have their action or proceeding referred or issue or question submitted to a voluntarily retired judge pursuant to section 2701.10 of the Revised Code shall refer the action or proceeding or submit the issue or question according to the provisions of this rule and that section." The rule also provides that the retired judge must issue a pretrial order of the "issues to be decided *by the judge*," that at the conclusion of the trial, "[t]he *judge* shall decide the case promptly," and that the judge's written decision must "contain separate findings of fact and conclusions of law." (Emphasis added.) Gov.Jud.R. VI(3)(B)(1), (C), and (D).

{¶ 40} R.C. 2701.10 and Gov.Jud.R. VI require bench trials in referrals of civil actions or submission of issues or questions, pursuant to the statute and the rule, which both specify that cases referred and issues submitted to a retired judge pursuant to these provisions must be tried and determined by a judge. Neither the statute nor the rule provides for or mentions the conduct of a jury trial or contemplates a verdict to be returned by a jury.

{¶ 41} In specifically limiting referrals and submissions to a private judge in accordance with R.C. 2701.10 and Gov.Jud.R. VI by requiring that these proceedings be tried and decided by *the judge*, the General Assembly and the court omitted any mention of jury trials in these matters. See, e.g., *Maggiore v. Kovach*, 101 Ohio St.3d 184, 2004-Ohio-722, 803 N.E.2d 790, ¶ 18, quoting *Newbury Twp. Bd. of Trustees v. Lomak Petroleum, Inc.* (1992), 62 Ohio St.3d 387, 393, 583 N.E.2d 302 ("we have long recognized the principle of expressio unius est exclusio alterius—'the expression of one thing implies the exclusion of another' ").

{¶ 42} In *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St.3d 397, 419, 513 N.E.2d 776, we rejected a claim that an issue in a proceeding to determine the fair cash value of shares of shareholders opting not to join with other shareholders in approving a merger could be determined by a jury when the applicable statute provided that "the court" would make the determination:

{¶ 43} "In contrast to appellant's claim, R.C. 1701.85(B) provides that: *'The court* thereupon shall make a finding as to the fair cash value of a share, and shall render judgment against the corporation for the payment of it * * *.' (Emphasis added.) Quite clearly, this provision dispenses with the requirement of a jury trial and requires that the finding be made by the trial court * * *."

{¶ 44} Similarly, we have held that other statutory provisions specifying a determination by the court exclude a jury determination. *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 101, 553 N.E.2d 252 (no right to a jury trial in an age-discrimination case when R.C. 4101.17 stated that "the court" would make findings and order an appropriate remedy); *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743 ("we reject the suggestion that the [General Assembly's use of the] term 'court' encompasses the jury").

{¶ 45} Thus, our own precedent supports the conclusion that the requirement in R.C. 2701.10 that the "judge" to whom a case is referred "try all of the issues in the action or proceeding" denies the judge the authority to conduct a jury trial.

{¶ 46} Further, when the General Assembly intends that a case may be tried by a jury, it has manifested its intent with appropriate language. See, e.g., R.C. 3.08 ("The removal proceedings filed in the court of common pleas shall be tried by a judge unless a jury trial is demanded in writing by the officer against whom the complaint has been filed"); R.C. 2101.31 ("All questions of fact shall be determined by the probate judge, unless the judge orders those questions of fact to be tried before a jury or refers those questions of fact to a special master commissioner"); R.C. 2929.03(C)(2)(b)(ii) (the penalty imposed in capital cases is to be determined "[b]y the trial jury and the trial judge, if the offender was tried by jury"); R.C. 2945.05 ("In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury"). No comparable language appears in either R.C. 2701.10 or Gov.Jud.R. VI.

{¶ 47} The administrative judge nevertheless asserts that jury trials are permissible in private-judge referrals in accordance with R.C. 2701.10 because that statute specifies that the judge "shall have all of the powers, duties, and authority of an active judge of the court in which the action or proceeding is pending." R.C. 2701.10(C). That statement, however, must be read in pari materia with all of R.C. 2701.10 and Gov.Jud.R. VI, which manifestly restrict the proceedings referred and issues submitted to bench trials. Cf. *State ex rel.*

*Commt. for the Proposed Ordinance to Repeal Ordinance No. 146–02, W. End Blight Designation v. Lakewood,* 100 Ohio St.3d 252, 2003-Ohio-5771, 798 N.E.2d 362, ¶ 20 (statutory provisions relating to same subject matter must be construed in pari materia and harmonized so as to give full effect to provisions).

{¶ 48} Nor does the R.C. 2701.10(D) requirement that the private judge "prepare relevant findings of fact and conclusions of law" warrant a different conclusion. The administrative judge and amici curiae assert that the General Assembly's use of the word "relevant" permits jury trials. But "relevant" merely modifies the type of findings and conclusions that *the judge* should issue; we can find no authorization for jury trials or for juries to make findings in these proceedings.

{¶ 49} In this regard, R.C. 2701.10(D) is consistent with Civ.R. 52, which permits parties to request findings of fact and conclusions of law "[w]hen questions of fact are *tried by the court without a jury.*" (Emphasis added.) See Gov.Jud.R. VI(3)(A) ("The Ohio Rules of Civil Procedure * * * apply to actions or proceedings referred or issues or questions submitted to a retired judge pursuant to section 2701.10 of the Revised Code"); see, also, Gov.Jud.R. VI(3)(D) ("The decision of the judge shall be in writing and contain separate findings of fact and conclusions of law").

{¶ 50} In effect, the administrative judge requests that we add language to R.C. 2701.10 and Gov.Jud.R. VI permitting jury trials in cases referred to private judges. However, we cannot add this language to these provisions. *Cincinnati Bell,* 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 32, quoting *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (" 'In construing a statute, we may not add or delete words' "). Adopting this argument would result " 'not [in] a construction of [the] statute, but, in effect, an enlargement of it by the court, so that what was omitted * * * may be included within its scope.' " *Lamie v. United States Trustee* (2004), 540 U.S. 526, 538, 124 S.Ct. 1023, 157 L.Ed.2d 1024, quoting *Iselin v. United States* (1926), 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566.

{¶ 51} The administrative judge further contends that because R.C. 2701.10(D) does not expressly mention the right to a jury trial, it cannot prohibit the exercise of that right. "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury." Section 5, Article I of the Ohio Constitution; see, also, Civ.R. 38(A).

{¶ 52} There is no right to a jury trial, however, unless that right is extended by statute or existed at common law prior to the adoption of the Ohio Constitution. *Kneisley,* 40 Ohio St.3d at 356, 533 N.E.2d 743. R.C. 2701.10 and Gov.Jud.R. VI do not extend the right of jury trial to referrals under those

provisions to a private judge. Nor was there ever any common-law right to a jury trial in cases referred to private judges from the regular court docket.

{¶ 53} Moreover, the right to a jury trial may be waived. " 'Section 5 of Article I of the Ohio Constitution does not prevent a court from giving effect to a waiver of a jury trial by a party who has a right to a jury trial.' " *Shimko v. Lobe,* 103 Ohio St.3d 59, 2004-Ohio-4202, 813 N.E.2d 669, ¶ 29, quoting *Cassidy v. Glossip* (1967), 12 Ohio St.2d 17, 41 O.O.2d 153, 231 N.E.2d 64, paragraph one of the syllabus. "A party may waive his right to a jury trial by acts, as well as by words." *Bonewitz v. Bonewitz* (1893), 50 Ohio St. 373, 34 N.E. 332, paragraph one of the syllabus.

{¶ 54} As with other alternative-dispute-resolution techniques, parties entering into an agreement to refer a case or issues to a private judge under R.C. 2701.10 and Gov.Jud.R. VI manifestly waive their right to a jury trial. See, e.g., *Hausser & Taylor, L.L.P. v. Accelerated Sys. Integration, Inc.,* Cuyahoga App. No. 84748, 2005-Ohio-1017, 2005 WL 563977, ¶ 32, quoting (without citing) *Burden v. Check Into Cash of Kentucky, L.L.C.* (C.A.6, 2001), 267 F.3d 483, 492, quoting (without citing) *Pierson v. Dean, Witter, Reynolds, Inc.* (C.A.7, 1984), 742 F.2d 334, 339 (" 'As to the failure of the arbitration clause to include a jury waiver provision, the "loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate" ' "); *Shimko v. Lobe,* 152 Ohio App.3d 742, 2003-Ohio-2200, 790 N.E.2d 335, ¶ 32, quoting DR 2–107(B) ("attorneys admitted to the practice of law in Ohio * * * agree to have a 'dispute between lawyers arising under this rule' submitted to mediation or arbitration. By doing so, they have waived the right to a jury trial in fee disputes").

{¶ 55} Indeed, the Court of Appeals for Cuyahoga County recently reached a similar conclusion in *State ex rel. MetroHealth Med. Ctr. v. Sutula,* Cuyahoga App. No. 87184, 2005-Ohio-6243, 2005 WL 3120209.

{¶ 56} Based on the foregoing, we conclude that the administrative judge patently and unambiguously lacks jurisdiction to compel or facilitate jury trials for civil actions or issues submitted to a retired judge pursuant to R.C. 2701.10. Accordingly, a peremptory writ of prohibition is warranted to prevent the administrative judge from facilitating conduct of jury trials in connection with R.C. 2701.10 cases.

## Prohibition: Use of Court Resources

{¶ 57} Relator also requests a writ of prohibition to prevent the administrative judge from directing or permitting the use of the common pleas court's facilities, equipment, resources, utilities, and personnel in R.C. 2701.10 private-judging proceedings.

{¶ 58} Insofar as the administrative judge has authorized the use of court resources for jury trials under R.C. 2701.10, a peremptory writ will issue because jury trials are not permitted in such proceedings.

{¶ 59} Moreover, as relator seeks the writ to prevent the use of court resources for all R.C. 2701.10 proceedings, a peremptory writ is not warranted. Although R.C. 2701.10(C) states that "[t]he court in which the action or proceeding is pending is not required to provide the retired judge with court or other facilities, equipment, or personnel during his consideration of the action, proceeding, issue, or question," it does not preclude the court from doing so. The sole caveat is provided by R.C. 2701.10(B)(1)(d), which requires the parties seeking the use of retired judges pursuant to the private-judging provision to "pay all costs arising out of the provision of the facilities, equipment, and personnel" reasonably needed by the retired judge. Consequently, in matters referred to private judges pursuant to R.C. 2701.10 and Gov.Jud.R. VI, the court in which the action or proceeding is pending is not required to provide the retired judge with court or other facilities, equipment, or personnel, but may in its discretion do so if the parties assume the responsibility and pay for all costs arising out of the provision of the facilities, equipment, and personnel.

### Conclusion

{¶ 60} "Ohio's leadership in recognizing the benefits of alternative dispute resolution has been evident throughout the state * * *." *DeRolph v. State* (2001), 93 Ohio St.3d 628, 629, 758 N.E.2d 1113. "As court dockets grow more crowded and litigation costs more expensive, methods of alternative dispute resolution should be encouraged." *Colegrove v. Handler* (1986), 34 Ohio App.3d 142, 145, 517 N.E.2d 979. Ultimately, for these policy questions, "[t]he Ohio General Assembly, and not this court, is the proper body to resolve public policy issues." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 14. And we cannot ignore the plain language of R.C. 2701.10 and Gov.Jud.R. VI, neither of which provides for a jury trial.

{¶ 61} Therefore, we grant a peremptory writ of prohibition to prevent respondent from compelling or facilitating jury trials in R.C. 2701.10 proceedings but deny the writ with respect to the use in nonjury trials of court facilities, equipment, resources, utilities, and personnel, for which the parties must pay.

Writ granted in part
and denied in part.

RESNICK, Acting C.J., MCGRATH, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

PATRICK M. MCGRATH, J., of the Tenth Appellate District, sitting for MOYER, C.J.

---

PFEIFER, J., dissenting.

{¶ 62} The majority opinion's interpretation of R.C. 2701.10 is plausible – as far as it goes. I dissent because I do not believe that R.C. 2701.10 prohibits private judges from using juries; it certainly doesn't do so directly.

{¶ 63} The majority opinion states that "R.C. 2701.10 and Gov.Jud.R. VI require bench trials in referrals of civil actions or submissions of issues or questions." Essentially, the majority opinion concludes that private judges cannot preside over jury trials. Once a referral is made to a private judge, however, that judge has "all of the powers, duties, and authority of an active judge of the court in which the action or proceeding is pending." R.C. 2701.10(C). The powers, duties, and authority of an active judge include the ability to use Civ.R. 39(C), which states, "In all actions not triable of right by a jury (1) the court upon motion or on its own initiative may try any issue with an advisory jury or (2) the court, with the consent of both parties, may order a trial of any issue with a jury, whose verdict has the same effect as if trial by jury had been a matter of right." According to the majority opinion, a referral case requires a bench trial; therefore, a referral case is an action "not triable of right by a jury." Therefore, pursuant to Civ.R. 39(C), a judge in a referral case has the ability to "try any issue with an advisory jury" or, "with the consent of both parties, [to] order a trial of any issue with a jury."

{¶ 64} Section 5, Article I of the Ohio Constitution states, "The right of trial by jury shall be inviolate * * *." See, also, Civ.R. 38(A) ("The right to trial by jury shall be preserved to the parties inviolate"). The General Assembly is well aware of Section 5, Article I, and Civ.R. 38(A) and made no plain statement that can be construed as abrogating or otherwise affecting the right to a jury trial. Though the right to trial by jury can be waived, the General Assembly did not state that referral of a case to a private judge is the equivalent of waiving a jury trial. The General Assembly could have done either of these things. It did neither, and I will not interpret R.C. 2701.10 as if it did. This court should not interpret a statute to infringe an inviolate right absent plain and clear language from the General Assembly that it intends to do so.

{¶ 65} Finally, the majority opinion gratuitously (because it is not necessary to resolve the case) states, "There is no right to a jury trial, however, unless that right is extended by statute or existed at common law prior to the adoption of the Ohio Constitution. *Kneisley* [*v. Lattimer–Stevens Co.* (1988)], 40 Ohio St.3d [354] 356, 533 N.E.2d 743." As I explained in *Arrington v. DaimlerChrysler Corp.*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004 (Pfeifer, J., dissent-

ing), ancient and distinguishable case law limits the right to a jury trial; the Constitution of Ohio does not. The Constitution states, "The right of trial by jury shall be inviolate," not "The right to a jury trial shall be inviolate except as to new causes of action not available when this Constitution was ratified."

{¶ 66} The Internet had not been invented when the Constitution of the United States was ratified. Yet no rational jurist would suggest that the right to free speech does not apply to articles, blogs, or mere musings posted on the Internet. The religions of the Seventh Day Adventists, the Church of Jesus Christ of Latter–Day Saints (the Mormons), and the Church of Christ, Scientist, to name just a few, were not practiced when the Constitution of the United States was ratified. Yet no rational jurist would suggest that the right to freedom of religion does not extend to the practitioners of these religions. Why is the constitutional right to a trial by jury different? For no rational reason. I dissent.

———————

Kahn Kleinman, L.P.A., Robert A. Zimmerman, Michael H. Diamant, and Mark R. Jacobs, for relator.

Kenneth J. Fisher Co., L.P.A., and Kenneth J. Fisher, for respondent.

Philip J. Fulton Law Office and Philip J. Fulton; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging denial of the writ for amicus curiae Ohio Academy of Trial Lawyers.

Weston, Hurd, Fallon, Paisley & Howley, L.L.P., and Gregory E. O'Brien, urging denial of the writ for amicus curiae Ohio Academy of Civil Trial Lawyers.