[Cite as *State v. Brown*, 2021-Ohio-3078.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

GREGORY BROWN,

        Defendant-Appellant.

CASE NO. 2021-L-017

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000062

# O P I N I O N

Decided: September 7, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Brian A. Smith*, Brian A. Smith Law Firm, LLC, 755 White Pond Drive, Suite 403, Akron, OH 44320 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Gregory Brown, appeals the final judgment of conviction and sentencing entered by the Lake County Court of Common Pleas on January 21, 2021. For the reasons set forth herein, the judgment is affirmed.

{¶2} One evening in January 2020, Patrolman Cook happened to be behind a silver Nissan, later determined to be driven by appellant, travelling southbound on East 286th Street in Wycliffe, Ohio toward Euclid Avenue. The Patrolman testified that he observed the vehicle turn right onto Euclid Avenue into the leftmost westbound lane,

instead of into the curb lane as required by law.  He also testified that the vehicle came to a stop "past the stop bar and came to a stop in the cross walk prior to turning," though he did not mention this violation to appellant at the time.

{¶3}    Patrolman Cook initiated a traffic stop and testified that immediately upon approach he detected a strong odor of marijuana emanating from the vehicle.  The vehicle was thereafter determined to be a rental car rented by one of the occupant's girlfriend, but none of the vehicle's passengers were authorized to operate the vehicle.  Therefore, the vehicle had to be towed and it was necessary to conduct an inventory of the vehicle's contents.  Additionally, based on the odor of marijuana, Patrolman Cook had probable cause to conduct a search of the vehicle.  The search yielded a baggie of suspected crack cocaine hidden under the drivers' seat, a scale with a white powder residue between the front seats, and a bag of marijuana.  Appellant was arrested for possession of drug paraphernalia; however, he was not cited for any traffic violation.

{¶4}    Appellant was indicted on three counts: Counts 1 and 2, Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11; and Count 3, Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14(C)(1).  All three counts included forfeiture specifications as set forth in R.C. 2941.1417 and R.C. 2981.04.  Initially, appellant pleaded not guilty and filed a Motion to Suppress, alleging that officers did not have reasonable suspicion to conduct a traffic stop of his vehicle nor probable cause to arrest him.  Following a hearing, the trial court denied the motion.  Appellant then entered a plea of "No Contest."

2

{¶5} The trial court sentenced appellant to two years of community control on each count to be served concurrently to each other, subject to several sanctions and conditions not directly relevant here.

{¶6} On appeal, appellant assigns one error for our review, which states:

{¶7} The trial court erred in denying Appellant's Motion to Suppress, in violation of Article I, Section 14 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution.

{¶8} "An appellate court's review of a decision on a motion to suppress involves issues of both law and fact." *State v. Eggleston*, 11th Dist. Trumbull No. 2014-T-0068, 2015-Ohio-958, ¶18. "'When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.'" *State v. Freshwater,* 11th Dist. Lake No. 2018-L-117, 2019-Ohio-2968, ¶4, quoting *State v. Burnside,* 110 Ohio St.3d 152, 2003-Ohio-5372, ¶8. As such, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0041, 2002-Ohio-6569, ¶16, citing *State v. Guysinger*, 86 Ohio App.3d 592, 594 (4th Dist.1993). "Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard." *Jones, supra,* citing *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist.1994).

{¶9} Under this assignment of error, appellant argues that neither of the traffic violations provided Patrolman Cook with sufficient reasonable suspicion to stop the vehicle. It is well established that "[a]n officer's observation of a traffic violation provides probable cause to stop a vehicle." *Freshwater, supra,* at ¶7, citing *Eggleston, supra,* at

3

¶20. At the suppression hearing, the Patrolman testified to two traffic violations: stopping beyond the stop bar and improper turn.  Appellant challenges both.

{¶10}  First, he challenges the stop bar violation on the grounds that the Wickliffe City Ordinance 331.18(a) conflicts with R.C. 4511.43(A), and argues that applying W.C.O. 331.18(a), he did not commit any traffic violation.

{¶11}  R.C. 5411.43(A), which discusses violations pertaining to a stop sign, states in pertinent part:

> {¶12}  Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. * * * *Id.*

{¶13}  However, W.C.O. 331.18, entitled Operation of Vehicle at Yield Signs, pertains not to stop signs, but *yield* signs; thus R.C. 5411.43(A) and W.C.O. 331.18 are incomparable.  Further, as appellant was stopped for a stop bar violation, W.C.O. 331.18 is entirely inapplicable here.  The Wickliffe ordinance pertaining to stop signs is W.C.O. 331.19 and is near verbatim to R.C. 4511.43(A), with the only difference pertaining to the application to trackless trolleys.  Thus, appellant's argument of a material discrepancy between the Wickliffe City Ordinance and the Ohio Revised Code regarding stop signs is mistaken.

{¶14}  Appellant also challenges the Patrolman's ability to see the stop sign violation due to his location behind appellant and the late time of day.  Though it was after sunset, the Patrolman was about a car and half length behind appellant.  The Patrolman testified that he was able to see the violation and was familiar with the area.  Given that

4

the trial court was in the best position to determine the veracity of the Patrolman's statements and that nothing in the record contradicted his testimony, we determine the trial court's finding is supported by competent, credible evidence. Thus, we find no reversible error on these grounds.

{¶15} Second, appellant challenges the improper turn violation. He does not dispute that he turned from the southbound curb lane into the leftmost westbound lane, but instead asserts the Patrolman committed a mistake of law as to the turn violation. R.C. 4511.36(A) states in pertinent part:

{¶16} The driver of a vehicle intending to turn at an intersection shall be governed by the following rules:

{¶17} (1) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.

{¶18} Appellant argues that the law does not absolutely require a turn into the curb lane and that the state failed to show that it was practicable for appellant to turn into the curb lane. The statute, however, states the turn "shall be" made as close as practicable to the curb. Thus, unless there is an obstruction, a driver must turn into the curb lane. After being shown pictures of the intersection in question, Patrolman Cook testified that the condition of the roadway in the pictures were the same as they were on the night in question. The pictures clearly depict no obstruction or reason why it would not have been practicable for appellant to turn into the curb lane. Thus, we find appellant's contentions to be without merit.

{¶19} As either violation alone would have allowed the Patrolman to legally stop the vehicle, we find the court did not err in denying the motion to suppress. Appellant's sole assignment of error is without merit.

5

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.